[S. F. No. 7535. Department One.—October 13, 1917.]

JOHN G. KLUMPKE, Appellant, v. ALL PERSONS, etc., Respondents.

HUSBAND AND WIFE—DEED—CONSIDERATION—SUFFICIENCY OF EVIDENCE. In this action brought under the McEnerney Act to declare and establish plaintiff's title to a parcel of land, wherein certain persons claiming to be the devisees of the deceased wife of the plaintiff appeared and opposed the plaintiff's claim, it is held the evidence is sufficient to support the finding that the real consideration for the deed from the husband to the wife under which the defendants claimed ownership was love and affection only is supported by the evidence.

APPEAL—UPHOLDING OF FINDINGS—GROUNDS.—Where the memorandum filed in the court below as to its views concerning the insufficiency of the evidence to support the findings does not purport to state all the reasons therefor, on appeal the findings will be upheld if there is any reasonable ground upon which they can be supported.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

R. H. Countryman, for Appellant.

McCutchen, Olney & Willard, J. M. Mannon, Loewy & Loewy, Elmer Westlake, and McGowan & Westlake, for Respondents.

SHAW, J.—Plaintiff began an action under the so-called McEnerney Act, to declare and establish his title to a parcel of land in San Francisco. Certain persons claiming to be devisees of Bernardina Klumpke, the deceased wife of said plaintiff, appeared and opposed the plaintiff's claim of title. The judgment was that the plaintiff was not the owner of the property, and that the said devisees were the owners thereof. The plaintiff has appealed from said judgment.

The findings declare, among other things, that the land was acquired by plaintiff in 1881, as his separate estate, and prior to his marriage to Bernardina Klumpke; that in February, 1889; the plaintiff by a grant, bargain, and sale deed, conveyed said land to his wife, Bernardina; that said deed stated a consideration of ten dollars, but that in fact there was no consideration therefor, other than love and affection; that he and his wife resided on the land from that time until her death, on November 1, 1902, and that plaintiff thereafter continued to reside thereon until the beginning of this action, using it as his home; that by her last will, which has been duly probated, said Bernardina Klumpke devised said land to respondents, and that they, and not the plaintiff, own the same.

Appellant claims that the finding that the consideration of the deed was love and affection only is contrary to the evidence. We think it was supported by sufficient evidence. Klumpke was appointed executor of the estate of his said wife. In his inventory of said estate he declared under oath that the land belonged to his wife at the time of her death. In many other papers sworn to by him, and filed by him in the course of the administration of said estate, he repeated, either expressly or by implication, the statements that this land was the property of the estate of his said wife. On the other hand, he testified at the trial that the deed of 1889 was not intended by him as a gift to his wife, but was intended by him to convey it to her to be held as community property,

and that no money or other valuable consideration therefor was given or rendered by his wife. Upon this and other testimony of the plaintiff his counsel contend that the land was held by his wife until her death, upon either a resulting of a constructive trust for his use, or as the community property of the marriage. The court below was not bound to accept the plaintiff's sworn statements at the trial as the truth, rather than his repeated statements to the contrary, made under oath during the administration of her estate. There were many circumstances proven at the trial which we need not here state more fully, from which the court might have concluded that his testimony at the trial was not to be credited at all, and that his statements as executor declared the truth. We must therefore hold that the finding in question was supported by the evidence.

The appellant assigns as error an alleged ruling of the court striking out testimony of the plaintiff and another witness, Mrs. Horgan, purporting to relate conversations with Bernardina Klumpke after the execution of the deed of 1889, and conversations between her and plaintiff at the time of, before, and after its execution, regarding the consideration thereof, the reasons for its execution, and the understanding between the two concerning the same. The testimony when offered was admitted subject to a motion to strike out to be subsequently made. The motion was made and the ruling reserved.

The testimony of the witness, Mrs. Horgan, though vague and indefinite, tended in some degree to prove that Klumpke conveyed the land to his wife in order that, if he died before his wife, she would have the property free from interference from his children by a former wife. She had no children.

The testimony of Klumpke himself was to the effect that he told his wife that he would execute the deed in order to make the land community property, so that she would have an interest in it if she survived him. He said he informed her that in that event she would take a one-third interest in it, but that if he survived her she would have no interest in the property, but that he would then take it through her will, which she had previously made, devising all her property to him. He also said that she did not promise that she would not afterward change her will, and, further, that the agreement between them at the time of the execution of the

deed was that she was to have a one-third interest in the land if she survived him, but that if he survived her she was to have no interest.

The record does not show that the court struck out this testimony as claimed. It shows that the court considered it so far as it tended to show that there was no gift from the husband to the wife, and so far as it tended to show a resulting or constructive trust in the wife in favor of the husband with respect to the land, and held it incompetent so far as it tended to vary the terms of the deed as a conveyance of the title. As to the trust, the court said that the evidence was insufficient to create any trust in favor of the husband, because it did not appear therefrom that the wife had agreed to do anything respecting the land, or that she omitted doing anything which she had agreed to do. We need not decide whether this view is correct or not. We have already considered the effect of the deed as a gift, and of the testimony of the husband tending to show the contrary. The same considerations apply to the evidence introduced to prove a trust, and the holding as community property. That of Mrs. Horgan was vague and unsatisfactory. That of the plaintiff was contradictory in itself, in some respects absurd in its statements of his belief as to the law, and altogether of a character to engender suspicion of its truth. The court was not bound to accept it, but could take, as more trustworthy and as better evidence, his voluntary statements under oath that the land belonged to his wife at her death. The memorandum filed in the court below as to its views concerning the insufficiency of the evidence to establish a trust does not purport to state all the reasons for the findings against the plaintiff. On appeal this court must uphold it if there is any reasonable ground on which it can be supported. It is therefore to be presumed that the court below discredited this evidence and accepted the previous admissions of the plaintiff as the truth. This comprises all the substantial questions arising in the case. We find no substantial errors in the record.

The judgment is affirmed.

Sloss, J., and Lawlor, J., concurred.